**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd. Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
          breed@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: swestcot@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH JONES, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>       v.<br><br>CARRINGTON COLLEGE, INC.,<br><br>                              Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

CLASS ACTION COMPLAINT

Plaintiff Elijah Jones ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant Carrington College, Inc. ("Carrington" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

**NATURE OF THE ACTION**

1. This is a class action lawsuit on behalf of all people who paid tuition and fees for the 2019-2020 Academic Year ("Academic Year") at Carrington, and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services or which their fees were paid, without having their tuition and fees refunded to them.

2. Carrington is a network of for-profit private colleges, with a total enrollment of over 6,000 students across eighteen campuses located in Arizona, California, Idaho, New Mexico, Nevada, Oregon, Texas and Washington.  Carrington's home office is located in Sacramento California.  Carrington offers over 20 degrees and certificates through accelerated programs encompassing medical, dental, and administrative associate degrees and certificates.[1]

3. On, or around, March 1, 2020, Defendant, via Carrington College President Mitch Charles, announced that, because of the global COVID-19 pandemic, neither students nor staff are allowed on campus until further notice, and that all classes will now be shifted to online instruction.[2]

4. Thus, Carrington has not held any in-person classes since March 1, 2020.  Classes that have continued have only been offered in an online format, with no in-person instruction.

5. As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Mr. Jones and the putative class contracted and paid for.  The online learning options being offered to Carrington students are

---

[1] https://carrington.edu/degrees/ (last visited May 15, 2020).
[2] https://carrington.edu/covid-19/ (last visited May 15, 2020).

subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique. The remote learning options are in no way the equivalent of the in-person education that Plaintiff and the putative class members contracted and paid for.

6. Nonetheless, Carrington has not refunded any tuition or fees for the Academic Year.

7. Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant has not provided. Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

8. Plaintiff seeks, for himself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Academic Year when classes moved online and campus services ceased being provided. Plaintiff seeks a return of these amounts on behalf of himself and the Class as defined below.

## THE PARTIES

9. Plaintiff Elijah Jones is a citizen of California who resides in Roseville, California. Mr. Jones is an undergraduate student at Carrington's Sacramento campus studying to be a dental assistant. He paid approximately $4,000 in tuition and fees to Defendant for the Spring 2020 Session. Mr. Jones has not been provided a refund of any tuition or fee monies paid, despite the fact that in-person classes have not been held since March 1, 2020.

10. Defendant Carrington College, Inc. is a corporation that oversees a network of for-profit private colleges incorporated in Arizona with its principal place of business at 8909 Folsom Blvd., Sacramento CA, 95862.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100

members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

12. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in this District.

13. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because Defendant's principal place of business is located in this District, Plaintiff resides in this District, and a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Specifically, the contract that is the subject of this action was formed in this District.

## FACTUAL ALLEGATIONS

*Plaintiff And Class Members Paid Tuition And Fees For The 2019-2020 Academic Year*

14. Plaintiff and Class members are individuals who paid the cost of tuition and other mandatory fees for the Academic Year at Carrington.

15. Defendant offers accelerated programs for career focused majors such as, but not limited to, registered nursing, dental assisting, criminal justice and medical assisting.

16. Defendant offers courses in a term format, with six weeks, fifteen weeks, sixteen weeks, eighteen weeks, or semester-length format of education included in each term depending on the program, with varying start dates depending on the program.

17. Defendant charges tuition per program and operates on a term basis.

18. Plaintiff and Class members paid the cost of tuition for the Spring Term, as well as associated fees and costs.

19. The approximate cost of tuition and fees at Carrington for the Spring Term 2020 varies from $6,000 to $27,000 depending on the program.

20. The tuition and fees described above are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

//

//

### *In Response To COVID-19, UOP Closed Campuses And Cancelled All In-Person Classes*

21.     On March 1, 2020, Carrington College President Mitch Charles, announced that, because of the global COVID-19 pandemic, neither students nor staff are allowed on campus until further notice, and that all classes will now be shifted to online instruction.

22.     As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiff and members of the Class contracted and paid for.  Plaintiff and the Class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

23.     Plaintiff and the Class did not choose to attend an *online* institution of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis.

24.      Defendant markets the Carrington program as a hands-on training experience allowing students to build confidence with learning by providing opportunities that are a benefit to enrollment.

25.     The online learning options being offered to Carrington students are subpar in practically every aspect and a shadow of what they once were, from the lack of facilities, materials, and access to faculty.  Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.  This is particularly true for students like Mr. Jones, a student learning to become a dental assistant, because he is unable to take advantage of hands-on training necessary for his program.  Moreover, office hours for professors are essentially non-existent given that professors are unable to see their students to provide in-person assistance.  Email is simply no substitute for instances where additional teaching is required.

26.     The remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for.  The remote education being provided is not even remotely worth the amount charged class members for Spring Term 2020 tuition.  The tuition and fees for in-person instruction at Carrington are higher than tuition and fees for other online

institutions because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;
- Access to facilities such as libraries, laboratories, computer labs, and study room;
- Hands-on training for medical fields;
- Clinical rotations or externships with local medical professionals;
- Student art, cultures, and other activities;
- Social development and independence;
- Hands on learning and experimentation;
- Networking and mentorship opportunities.

27. Through this lawsuit Plaintiff seeks, individually and on behalf of the Class, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Academic Year when classes moved online and campus services ceased being provided. Plaintiff seeks return of these amounts on behalf of himself and the Class as defined below.

## CLASS ALLEGATIONS

28. Plaintiff seeks to represent a class defined as all people who paid Carrington Spring Term 2020 tuition and/or fees for in-person educational services that Carrington failed to provide, and whose tuition and fees have not been refunded (the "Class"). Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

29. Plaintiff also seeks to represent a subclass consisting of Class members who reside in California (the "Subclass").

30. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

31. **Numerosity.** The members of the Class and Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are tens of thousands of members in the Class and Subclass. Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

32. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

    (a) whether Defendant accepted money from Class and Subclass members in exchange for the promise to provide services;

    (b) whether Defendant has provided the services for which Class and Subclass members contracted; and

    (c) whether Class and Subclass members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide.

    (d) whether Defendant has unlawfully converted money from Plaintiff, the Class and Subclass; and

    (e) whether Defendant is liable to Plaintiff, the Class, and Subclass for unjust enrichment.

33. **Typicality.** Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class and Subclass members were similarly situated and were

comparably injured through Defendant's wrongful conduct as set forth herein.  Further, there are no defenses available to Defendant that are unique to Plaintiff.

34. **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Class and Subclass.  Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class and Subclass.  Furthermore, Plaintiff has no interests that are antagonistic to those of the Class or Subclass.

35. **Superiority.**   A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class and Subclass members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for the Class or Subclass on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if Class or Subclass members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

36. In the alternative, the Class and Subclass may also be certified because:

(a) the prosecution of separate actions by individual Class and Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b) the prosecution of separate actions by individual Class and Subclass members would create a risk of adjudications with respect to them that would, as a

practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## COUNT I
### Breach Of Contract
### (On Behalf Of The Class And Subclass)

37. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

38. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

39. Through the admission agreement and payment of tuition and fees, Plaintiff and each member of the Class and Subclass entered into a binding contract with Defendant.

40. As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above. Plaintiff, Class, and Subclass members fulfilled their end of the bargain when they paid monies due for Spring Term 2020 tuition. Tuition for Spring Term 2020 was intended to cover in-person educational services throughout the Spring Term dependent on the program that the student is enrolled in. In exchange for tuition monies paid, Class and Subclass members were entitled to in-person educational services through the end of the Spring Term.

41. Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above. Defendant has retained monies paid by Plaintiff and the Class for their Spring Term 2020 tuition and fees, without providing them the benefit of their bargain.

42. Plaintiff and members of the Class and Subclass have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the

education, experience, and services to which they were promised and for which they have already paid.

43. As a direct and proximate result of Defendant's breach, Plaintiff, the Class, and Subclass are entitled to damages, to be decided by the trier of fact in this action, to include but no be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver. Defendant should return the pro-rated portion of any tuition and fees for education services not provided since Carrington shut down campuses on March 1, 2020.

44. Defendant's performance under the contract is not excused due to COVID-19. Indeed, Defendant should have refunded the pro-rated portion of any education services not provided. Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it will not provide.

## COUNT II
### Unjust Enrichment
### (On Behalf Of The Class And Subclass)

45. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

46. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

47. Plaintiff and members of the Class and Subclass conferred a benefit on Defendant in the form of monies paid for Spring Term 2020 tuition and other fees in exchange for certain service and promises. Tuition for Spring Term 2020 was intended to cover in-person educational services from January 2020 through May 2020. In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of Spring 2020.

48. Defendant voluntarily accepted and retained this benefit by accepting payment.

49. Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances. Accordingly, Defendant should return the

pro-rated portion of any Spring 2020 tuition and fees for education services not provided since Carrington shut down on March 1, 2020.

50. It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge this unjust enrichment.

## COUNT III
### Conversion
**(On Behalf Of The Class And Subclass)**

51. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

52. Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

53. Plaintiff and members of the Class and Subclass have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Term 2020 tuition and fee payments to Defendant.

54. Defendant intentionally interfered with the rights of Plaintiff, the Class, and Subclass when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

55. Plaintiff and members of the Class and Subclass demand the return of the pro-rated portion of any Spring Term 2020 tuition and fees for education services not provided since Carrington shut down on March 1, 2020.

56. Defendant's retention of the fees paid by Plaintiff and members of the Class and Subclass without providing the educational services for which they paid, deprived Plaintiff, Class and Subclass members of the benefits for which the tuition and fees paid.

57. This interference with the services for which Plaintiff and members of the Class and Subclass paid damaged Plaintiff and Class members in that they paid tuition and fees for services that will not be provided.

58. Plaintiff, Class and Subclass members are entitled to the return of pro-rated portion of any Spring Term 2020 tuition and fees for education services not provided since Carrington shut down on March 1, 2020.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on behalf of himself and members of the Class and Subclass as follows:

(a) For an order certifying the nationwide Class and California Subclass under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of the Class and Subclass; and naming Plaintiff's attorneys as Class Counsel to represent the Class and Subclass members;

(b) For an order finding in favor of Plaintiff and the Class and Subclass on all counts asserted herein;

(c) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d) For prejudgment interest on all amounts awarded;

(e) For an order of restitution and all other forms of equitable monetary relief;

(f) For injunctive relief as pleaded or as the Court may deem proper; and

(g) For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: May 15, 2020                               Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:    */s/ Blair E. Reed*
              L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Blair E. Reed (State Bar No. 316791)

1990 North California Blvd. Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:   ltfisher@bursor.com
              breed@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail:   swestcot@bursor.com

*Attorneys for Plaintiff*